Filed 1/20/23 P. v. Hundley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092618 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09808) |
| v. | OPINION ON TRANSFER |
| RICHARD ANTONIO HUNDLEY, | MODIFICATION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on January 18, 2023, be modified as follows:

1.    Delete the first sentence in footnote 2 on page 1 beginning with "Effective June 20, 2022," and insert the following sentence in its place:

Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.

This modification does not change the judgment.

BY THE COURT:

_____
HULL, Acting P.J.

_____
KRAUSE, J.

_____
EARL, J.

Filed 1/18/23 P. v. Hundley CA3 (unmodified opinion)
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092618 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F09808) |
| v. | OPINION ON TRANSFER |
| RICHARD ANTONIO HUNDLEY, | |
| Defendant and Appellant. | |

Opinion following transfer from Supreme Court

Defendant Richard Antonio Hundley appeals from a postjudgment order denying his petition for resentencing under what is now Penal Code[1] section 1172.6.[2] He argues

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 20, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering.

1

the trial court erred by declining to issue an order to show cause because the court looked beyond his declaration that he met the requirements of section 1172.6. He further argues the trial court erred by determining he was ineligible for resentencing as a matter of law based on the jury's felony-murder special circumstance finding.

We filed an unpublished opinion on February 14, 2021, affirming the trial court's order. Our Supreme Court granted review of the matter on April 27, 2022, and on November 23, 2022, transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Defendant submitted supplemental briefing arguing the case should be remanded to the trial court; the People filed a supplemental brief agreeing. We will reverse the court's order denying the petition and direct the court to issue an order to show cause and, if necessary, conduct an evidentiary hearing on defendant's petition.

## BACKGROUND

A detailed recitation of the facts underlying defendant's conviction is not necessary to resolve his claim on appeal.[3] In short, after meeting the victim, David Barreda, defendant and his codefendant, Curtis Chapman, discussed a plan to kill Barreda but decided to rob him instead. After the three had a confrontation, Chapman shot Barreda in the back of the head. Immediately before Chapman shot Barreda, defendant told him they were going to "take [his] shit," he acted to distract Barreda while Chapman shot him, and after Barreda was shot, as Chapman removed Barreda's gun, he told defendant the gun was now theirs. Defendant and his codefendant dragged Barreda from the kitchen to the garage, placed him in the trunk of his car, and drove the car to a nearby location. The next day, Barreda's body was discovered in the trunk of his car. He died

---

[3] We provide the ensuing summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

2

from a single gunshot to the back of his head. (*People v. Hundley* (Jun. 27, 2011, C063497 [nonpub. opn.] at pp. 4-6, 9-10-12, 14 (*Hundley*).).)[4]

A jury found defendant and codefendant guilty of first degree murder (§ 187, subd. (a)) and found true the special circumstance that the murder was committed while defendants were engaged in the commission of a robbery (§ 190.2, subd. (a)(17)(A)). (*Hundley, supra*, C063497 at p. 2.) The trial court sentenced defendant to life without the possibility of parole, and we affirmed his conviction on appeal. (*Ibid.*)

Defendant appealed his conviction, arguing, as relevant here, there was insufficient evidence supporting his first degree murder conviction because there was insufficient evidence he aided or abetted in the robbery or murder of Barreda. (*Hundley, supra*, C063497 at p. 13.) We found sufficient evidence supported the murder conviction and affirmed the convictions for first degree murder and the special circumstances finding. (*Id.* at pp. 15, 30-31.)

In January 2019, defendant petitioned the trial court under former section 1170.95 for resentencing based on changes to the felony-murder rule under recently enacted Senate Bill No. 1437 (Senate Bill 1437). (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.) Defendant declared in his petition that the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder" and he "could not now be convicted of 1st or 2nd degree murder because of changes to Penal Code §§ 188 or 189, effective January 1, 2019." He further alleged he was not the actual killer, did not act with intent to kill or aid and abet the actual killer, was not a major participant and did not act with reckless indifference to human life in the commission of the felony. Defendant retained counsel.

---

[4] A copy of our unpublished opinion in *Hundley* is included in the record on appeal.

3

The trial court ordered briefing on defendant's eligibility for relief and the validity of Senate Bill 1437. After considering the briefing, and reviewing the underlying file, the trial court denied defendant's petition finding the record established defendant was ineligible for resentencing given the jury's true finding on an alleged robbery-murder special circumstance under section 190.2. Citing CALCRIM No. 703, with which the jury was instructed, the trial court reasoned that in order to find the robbery-murder special circumstance true, the jury had to find defendant was the actual killer, had the intent to kill, or was a major participant who acted with reckless indifference to human life. The court also noted defendant had not obtained any order vacating his felony-murder special circumstance finding under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), and as such, the trial court would not assess the validity of that finding.

## DISCUSSION

Defendant contends the trial court prejudicially erred by making factual findings at the pleading stage of the section 1172.6 petition process. He further contends he made a prima facie showing he was eligible for relief, that the trial court should have issued an order to show cause and held an evidentiary hearing, and that he need not challenge the sufficiency of the evidence supporting the special circumstance finding by habeas corpus.

### *Statutory Background*

Senate Bill 1437, effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and created a "procedure by which those convicted of murder can seek

4

retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Under the resentencing procedure, a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime. . . . [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted of murder or attempted murder. [¶] (3) The petitioner could not be convicted of murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and includes case information, and whether petitioner requests appointment of counsel. (§ 1172.6, subd. (b).)

Section 1172.6, subdivision (c) dictates how the court must handle the petition. It requires, the court to review the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958 (*Lewis*).) Once defendant has counsel and the court has received briefing from the parties, the court may rely on the record of conviction in determining whether that single prima facie showing has been made. (*Id.* at p. 971.) The record of conviction includes a prior appellate court opinion, although such an opinion may not supply all necessary answers. (*Id.* at p. 972.) "If the petitioner makes a prima facie showing that

5

the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

On transfer from the Supreme Court, defendant maintains the trial court erred in relying on the jury's felony-murder special-circumstance finding to determine he was precluded from relief under Senate Bill 1437. Following the Supreme Court's recent opinion in *Strong, supra*, 13 Cal.5th 698, the People concede defendant has made a prima facie case for relief and we accept their concession.

As relevant here, section 190.2, subdivision (d) provides that for the purposes of the special-circumstance allegations based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must, at a minimum, have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks, supra*, 61 Cal.4th at pp. 797-798.)

In *Strong*, resolving a split of authority, the Supreme Court held "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th 698 at p. 710.) Further, our Supreme Court concluded, "*Banks* and Clark both substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong*, at pp. 706-707.) The court concluded these two rulings reflected a significant change in the law and justified the denial of giving preclusive effect to jury findings made before this change in law. (*Id*. at pp. 716-718.)

Applying the principles articulated in *Strong*, we conclude the trial court improperly denied defendant's petition at the prima facie stage. The jury made its special circumstance finding long before *Banks* and *Clark*. Under *Strong*, that finding does not preclude defendant from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th

at p. 721.)  Contrary to the trial court's view, a habeas petition is not the only proper forum to raise *Banks* and *Clark* factors; indeed, habeas cannot provide equivalent relief to a section 1172.6 petition since habeas only challenges the special circumstance finding and not the underlying murder conviction.  (*Strong, supra*, at pp. 711-713.)  Nor is the trial court's review of the evidence applying *Banks* and *Clark* factors a proper basis to deny a petition under section 1172.6.  (*Strong, supra*, at pp. 719-720.)

Defendant's section 1172.6 petition was facially sufficient and alleged the essential facts necessary for relief.  The record does not contain anything establishing that defendant is ineligible for relief as a matter of law.  Therefore, we must remand the matter to the trial court to issue an order to show cause, and, as necessary, conduct an evidentiary hearing.  (§ 1172.6, subd. (d).)

## DISPOSITION

The order denying the petition is reversed.  The case is remanded to the trial court for issuance of an order to show cause and to hold an evidentiary hearing on the petition.


_____,
HULL, Acting P. J.


We concur:


_____,
KRAUSE, J.


_____,
EARL, J.

7